IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MICHAEL S. PRICHARD                                                                    PLAINTIFF

V.                              NO. 12-3020

MICHAEL J. ASTRUE,[1]
Commissioner of the Social Security Administration                      DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Michael S. Prichard, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Title II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

I.      **Procedural Background:**

Plaintiff protectively filed his applications for DIB and SSI on February 22, 2009, alleging an inability to work since September 27, 2007, due to "1. Bipolar with suicidal tendencies; 2. anger issues; 3. depression; 4. anxiety; 5. paranoid; 6. back." (Tr. 171, 177). An administrative hearing was held on April 13, 2011, at which Plaintiff appeared with counsel and testified. (Tr. 29-71).

---

[1] Carolyn Colvin became the Acting Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

By written decision dated May 27, 2011, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe - disorder of the back, ulcerative colitis, a personality disorder and a mood disorder. (Tr. 11). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 11). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) in that he is able to occasionally lift 10 pounds and frequently lift less than 10 pounds. He is able to sit for six hours and stand and walk for two hours during an eight-hour workday. He is [sic] can occasionally climb, balance, crawl, kneel, stoop and crouch. Nonexertionally, he can perform work in which interpersonal contact is incidental to the work performed; complexity of tasks is learned and performed by rote with few variables and use of little judgment, and the supervision required is simple, direct and concrete.

(Tr. 13). With the help of the vocational expert (VE), the ALJ determined that Plaintiff was unable to perform any past relevant work, but that there were other jobs Plaintiff could perform, such as production work - e.g. bench assembly; machine operator/tender, e.g. zipper trimmer machine operator; and surveillance systems monitor. (Tr. 20-21).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied the request on January 5, 2012. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 3). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 6, 7).

The Court has reviewed the entire 1,060 page transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity (RFC). See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

### III.  Discussion:

Plaintiff raises the following issues on appeal: 1) The ALJ erred in giving excessive weight to the mental status opinion of the consultative psychologist Dr. Charles Nichols; 2) The ALJ erred in disregarding the treating physician's opinion and in not explaining any discrepancies; and 3) There is no reliable indication that there is any degree of consistent interpersonal interaction that Plaintiff can tolerate, and the ALJ ignored Plaintiff's low GAF scores. (Doc. 6).

**A.  Weight Given Physician's Opinions and Explanation of Discrepancies:**

"A treating source's opinion is to be given controlling weight where it 'is supported by acceptable clinical and laboratory diagnostic techniques and where it is not inconsistent with other substantial evidence in [a claimant's] case record.'" Halverson v. Astrue, 600 F.3d 922, 929 (8th Cir. 2010)(quoting Tilley v. Astrue, 580 F.3d 675, 679 (8th Cir. 2009); 20 C.F.R. §

404.1527(d)(2). When a treating source's opinion is not controlling, it is weighed by the same factors as any other medical opinion: the examining relationship, the treatment relationship, supporting explanations, consistency, specialization, and other factors. Lehnartz v. Barnhart, 142 Fed.Appx. 939, 940 (C.A.8 (Minn. 2005).

In the present case, with respect to Plaintiff's physical impairments, the ALJ considered the opinions of Dr. Richard Chitsey, who completed a Physical RFC Questionnaire on March 18, 2011, and had been Plaintiff's treating physician since November 19, 2010, and did not find his opinion fully persuasive. (Tr. 18). The ALJ explained his reasoning:

> As noted, Dr. Chitsey assigned the claimant very severe postural limitations which were not documented by the doctor's own clinic notes, the medical evidence as a whole or the testimony of the claimant, considering that the claimant was able to attend college classes five days a week and the doctor had written in his clinic notes that the claimant was generally able to do his usual activities.

(Tr. 18).

Dr. Shannon Brownfield conducted a General Physical Examination of Plaintiff on May 13, 2010. (Tr. 866-870). The ALJ found that Dr. Brownfield's opinion was more consistent with the medical evidence as a whole. (Tr. 18). The Court agrees that the record as a whole does not support Dr. Chitsey's severe limitations, and that the ALJ sufficiently explained why he failed to give Dr. Chitsey's opinion significant weight.

With respect to Plaintiff's mental impairments, Dr. Chitsey is not a mental health professional, and the ALJ gave significant weight to the opinion of Dr. Charles Nichols, Psy.D., a mental health professional, who performed a mental diagnostic evaluation of Plaintiff on April 26, 2010. Although the ALJ considered the opinion of Ashley Blakney, APN, he did not give it

significant weight, since she is not considered an acceptable medical source under the regulations. The ALJ gave the reason he gave Dr. Nichol's opinion significant weight:

> In regard to Dr. Nichols' opinion, the undersigned has given it significant weight as that of an acceptable examining source. Dr. Nichols diagnosed the claimant with a personality disorder and longstanding substance abuse, both of which are well-documented in the medical record provided, but found little evidence of either anxiety or depression. These findings are more consistent with the record as a whole considering the claimant's multiple incarcerations, violent temper and inability to maintain relationships. Moreover, Dr. Nichols and [sic] assigned him a relatively high GAF score of 70.

(Tr. 20).

The Court is of the opinion, based upon the record as a whole, as well as the reasoning given in Defendant's well-stated brief, that the ALJ gave appropriate weight to the various opinions of the medical care providers, and gave sufficient explanations to support his conclusions. There is substantial evidence to support the ALJ's findings regarding the weight given the physician's opinions and his RFC assessment.

**B. RFC Assessment:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. §404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own description of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination

concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "The ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

Plaintiff argues that the RFC is not consistent with his mental problems. Plaintiff refers to Plaintiff's GAF scores to support his argument. As indicated above, the ALJ was justified in giving significant weight to Dr. Nichols' opinion, who assessed Plaintiff's GAF score on April 26, 2010 as 70. Dr. Nichols concluded that signs of symptoms exaggeration were evident with his allegations of panic attacks and anxiety. In fact, Dr. Nichols found that "Mr. Prichard is disinhibited and impulsive and does not show any true signs of anxiety in this interview. His life history is not consistent with any features of anxiety or apprehension. The claimant's symptom allegations are not consistent with presentation during this interview. Malingering is suspected." (Tr. 864). Thereafter, Ashley Blakney, APN, gave Plaintiff various lower GAF scores. However, as noted above, and for the reasons given in Defendant's brief, the ALJ was justified in giving Dr. Nichols' opinion significant weight and not giving Ms. Blakney's opinion significant weight.

Based upon the foregoing, the Court finds there is substantial evidence to support the ALJ's RFC assessment with regard to Plaintiff's mental problems.

**IV.     Conclusion:**

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The undersigned further finds that Plaintiff's Complaint should be, and is hereby,

dismissed with prejudice.

       IT IS SO ORDERED this 6th day of June, 2013.

                                        */s/ Erin L. Setser*
                              HONORABLE ERIN L. SETSER
                              UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)